1
RICHARD H. ZAITLEN, #63283
richard.zaitlen@pillsburylaw.com
2
CAROLYN S. TOTO, #233825
carolyn.toto@pillsburylaw.com
3
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
4
Los Angeles, CA  90017-5406
Telephone:  (213) 488-7100
5
Facsimile:  (213) 629-1033
Attorneys for Plaintiff and Counter-Defendant
6
NFF INVENTIONS, LLC

7
ART HASAN, #167323
art.hasan@cph.com
8
G. WARREN BLEEKER, 210834
warren.bleeker@cph.com
9
CHRISTIE, PARKER & HALE, LLP
655 N. Central Avenue, Suite 2300
10
Post Office Box 29001
Glendale, CA 91209-9001
11
Telephone:   (626) 795-9900
Facsimile:    (626) 577-8800

12
JONATHAN T. SUDER (Pro Hac Vice Pending)
jts@fsclaw.com
13
BRETT M. PINKUS (Pro Hac Vice Pending)
pinkus@fsclaw.com
14
TODD I. BLUMENFELD (Pro Hace Vice Pending)
blumenfeld@fsclaw.com
15
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
16
604 East 4th Street, Suite 200
Fort Worth, TX 76102
17
Telephone:   (817) 334-0400
Facsimile:    (817) 334-0401
18
Attorneys For Defendants and Counterclaimants, CTI FOODS
ACQUISITION LLC, et al.
19

20
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

21

22
NFF INVENTIONS, LLC,

        Plaintiff and Counter-defendant,
23
vs.

24
CTI FOODS ACQUISITION LLC, CTI
FOODS HOLDING CO., LLC, S&S
25
FOODS LLC, CTI SAGINAW I, LLC, CTI
ARLINGTON, LLC and CTI-SSI FOOD
26
SERVICES, LLC,

27
        Defendant and Counterclaimants.

28

Case No. CV 12-2778 MWF (JEMx)

[~~PROPOSED~~] PROTECTIVE ORDER

Fed.R.Civ.Proc. § 26(c)

Scheduling Conf.:   July 2, 2012
Time:            11:00 a.m.
Courtroom:  1600
Judge:            Hon. Michael W. Fitzgerald
Magistrate Judge: Hon. John E. McDermott

-1-

# STIPULATED PROTECTIVE ORDER

1. The parties to the above-captioned proceeding, by and through their respective counsel of record, stipulated to, and respectfully requested that the Court issue, the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED:

1.    The parties to this action, and any non-party from whom discovery is sought in connection with this action (a "Producing Party"), may designate as "CONFIDENTIAL", any document, testimony or other discovery material that contains or discloses information that the Producing Party reasonably considers to constitute or to contain proprietary, business or commercial information within the meaning of Fed. R. Civ. P. 26(c).  The following are exemplary of the types of materials that may be designated as "CONFIDENTIAL" under this Protective Order: customer lists; contracts or agreements; licensing negotiations; business and marketing plans, strategies, and surveys; computer software source code, flow charts, and design drawings; technical blueprints, schematics, circuit diagrams, product specifications, and documentation; testing results and reports; quality control documents; product analyses; sales and financial data, estimates, and forecasts; pricing information and underlying strategies and tactics; manufacturing bills of materials; information regarding future products or services; unpublished or non-public patent applications and invention disclosures; and other similarly confidential items.

2.    A Producing Party may also designate as "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" any document that properly falls within the bounds of the CONFIDENTIAL designation as set forth herein, but also further contains or discloses information relating to, referring to, or pertaining to proprietary information that could do harm to the Producing Party's business

-2-

1  advantage (e.g. business plans, marketing plans, design drawings, agreements with

2  third parties, production capacity documentation, launch information, customer

3  lists, and technical information), or otherwise contains or discloses information

4  relating to, referring to, or pertaining to a trade secret or other confidential,

5  sensitive, or proprietary research and/or development information or highly

6  sensitive financial information, technical information relating to research,

7  formulation, and production of current or future products.

8      3.    Documents properly considered "CONFIDENTIAL" and/or

9  "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" are hereinafter

10  described generally as "Confidential Information".  Confidential Information as

11  used in this Protective Order, shall refer to any so designated document,

12  testimony or other discovery and copies thereof, and shall also refer to the

13  information contained in such material.  The designation of "CONFIDENTIAL"

14  or "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" pursuant to this

15  Protective Order shall be made by affixing a marking on the Confidential

16  Information prior to production as follows: "CONFIDENTIAL," or

17  "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY."  Where it is not

18  practicable to affix such markings to Confidential Information, the Producing

19  Party may make the designation by informing the receiving party (the "Receiving

20  Party") in writing of the appropriate designation of such Confidential

21  Information.

22      4.    Discovery material designated "CONFIDENTIAL" shall be

23  maintained in confidence by the party to which such material is produced and

24  shall not be disclosed to any person except:

25      (a)    the Court, its technical advisor (if one is appointed), persons

26  employed by the Court, jurors, and mediators;

27

28

1              (b)     outside litigation counsel of record for a party and their

2    regularly employed office staff;

3              (c)     in-house counsel for a party;

4              (d)     employees or officers of a party with responsibility for

5    managing or evaluating its participation in this action, following identification of

6    each employee or officer to each of the other parties, and provided that (i) prior to

7    disclosure of such discovery material to any such individual, outside litigation

8    counsel for the Receiving Party first obtains from such individual a signed

9    Certificate of Consent in the form attached hereto at Exhibit "A," (ii) such outside

10   litigation counsel maintains a copy of such Certificate and produces a copy of such

11   Certificate to counsel for each of the other parties within ten (10) calendar days

12   after execution;

13             (e)     individuals and organizations retained by outside litigation

14   counsel for a party to provide litigation support services in this action and the

15   employees of such organizations including, without limitation: (i) graphics,

16   translation, design, jury and/or trial consulting services, including mock jurors;

17   (ii) data processing vendors, photocopy, document imaging and database services;

18   and (iii) technical personnel retained to set up, maintain and/or operate computer

19   systems, litigation databases or to convert data for inclusion in such databases;

20             (f)     employees of a party which produced the discovery material,

21   and those individuals reflected in the discovery material as having seen or authored

22   the discovery material;

23             (g)     third-party experts or consultants, and the employees of such

24   experts and consultants who are assisting them, engaged by counsel or a party  to

25   assist in this litigation who have no other current relationship with any of the

26   parties hereto or any of their present competitors other than as an expert or

27

28

-4-

1 | consultant in connection with a legal dispute, pursuant to the procedures in

2 | paragraph 10 below;

3 | (h) any certified shorthand or court reporters or persons operating

4 | video equipment retained by a party (as opposed to persons employed by the

5 | Court) to record the testimony or argument at a deposition or other proceeding in

6 | this action or any appeal therefrom; and

7 | (i) such other persons as hereafter may be designated by written

8 | agreement of all parties in this action or by Order of the Court.

9 | 5. Discovery material designated "CONFIDENTIAL – OUTSIDE

10 | COUNSEL'S EYES ONLY," shall be maintained in confidence by the party to

11 | which such material is produced and shall not be disclosed to any person except:

12 | (a) the Court, its technical advisor (if one is appointed), persons

13 | employed by the Court, jurors, and mediators;

14 | (b) outside litigation counsel of record for a party and their

15 | regularly employed office staff;

16 | (c) individuals and organizations retained by outside litigation

17 | counsel for a party to provide litigation support services in this action and the

18 | employees of such organizations including, without limitation: (i) graphics,

19 | translation, design, jury and/or trial consulting services, including mock jurors; (ii)

20 | data processing vendors, photocopy, document imaging and database services; and

21 | (iii) technical personnel retained to set up, maintain and/or operate computer

22 | systems, litigation databases or to convert data for inclusion in such databases;

23 | (d) employees of a party which produced the discovery material,

24 | and those individuals reflected in the discovery material as having seen or authored

25 | the discovery material;

26 | (e) third-party experts or consultants, and the employees of such

27 | experts and consultants who are assisting them, engaged by counsel or a party to

28 |

-5-

assist in this litigation who have no other current relationship with any of the parties hereto or any of their present competitors other than as an expert or consultant in connection with a legal dispute, pursuant to the procedures in paragraph 10 below;

(f)    any certified shorthand or court reporters or persons operating video equipment retained by a party (as opposed to persons employed by the Court) to record the testimony or argument at a deposition or other proceeding in this action or any appeal therefrom; and

(g)    such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court.

6.   Any person intending to view Confidential Information labeled either "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" must agree to be bound the protections and procedures set forth herein and accordingly must sign the Certificate of Consent in the form attached hereto as Exhibit "A".  It shall be the duty of the opposing party to obtain such consent and signature from any such person, and provide said consent and signature to the Producing Party prior to showing said person any Confidential Information.

7.    In the event the Producing Party elects to produce original documents or other material for inspection, no markings need to be made by the Producing Party in advance of the inspection.  All such documents or other material shall be considered as marked "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY."  After selection by the inspecting party of specified documents or material for copying, the Producing Party shall make the appropriate designation at the time of production of the copies.

8.    Discovery material produced without the designation of "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" may be so designated subsequent to production when the Producing Party

-6-

1    failed to make such designation at the time of production through inadvertence or

2    error, provided that the Producing Party promptly provides written notification to

3    the Receiving Party within fourteen (14) calendar days of discovering the

4    inadvertent designation.  If discovery material is so designated subsequent to

5    production, upon timely notice, the Receiving Party promptly shall collect any

6    copies that have been provided to individuals other than those authorized to receive

7    said materials.  Disclosure, prior to the receipt of such notice, of discovery material

8    designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL'S

9    EYES ONLY" to persons not authorized to receive such information shall not be

10   deemed a violation of this Protective Order.

11          9.      Nothing herein shall prohibit any party from seeking an Order, at any

12   time during the pendency of this action, that designated discovery material is not

13   entitled to treatment as Confidential Information or that otherwise affects the

14   treatment of discovery material.  If a party receiving any Confidential Information

15   objects to its designation as a type of Confidential Information, such objecting

16   party may make its objections known in writing and, if necessary and requested by

17   the objecting party, the parties shall conduct the pre-filing conference of counsel

18   pursuant to Local Rule 37-1 within seven (7) calendar days thereafter.  If

19   agreement cannot be reached, the objecting party may seek assistance from the

20   Court pursuant to Local Rule 37-2 and 37-3.  The Producing Party shall bear the

21   burden of establishing that material designated as a type of Confidential

22   Information is deserving of such designation.

23          10.     Testimony given at a deposition or hearing may be designated as

24   "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES

25   ONLY" by an appropriate statement at the time of the giving of such testimony or

26   within twenty (20) calendar days after counsel receives the transcript of such

27   deposition.  Testimony and transcripts in this action shall be deemed

28

1  "CONFIDENTIAL– OUTSIDE COUNSEL'S EYES ONLY" during this twenty

2  (20) day review period.

3       11.    Confidential Information may be the subject of examination in the

4  deposition of non-party witnesses.  If such witnesses are not previously entitled to

5  access to such Confidential Information hereunder, the party seeking to use the

6  Confidential Information during the deposition must obtain verbal or written

7  consent from the Producing Party either prior to or during the deposition on the

8  record.  If the Producing Party will not give said permission, the party seeking the

9  use of the Confidential Information may seek assistance immediate from the Court.

10  After receiving such consent, the party seeking to use the Confidential Information

11  during a deposition shall obtain a Certificate of Consent in the form attached hereto

12  at Exhibit "A."

13       12.    Disclosure to Experts/Consultants.

14       (a)    In connection with independent experts and consultants falling

15  under paragraphs 4(g) or 5(e) above, the Receiving Party shall disclose in writing

16  to the Producing Party the identity, residence, and curriculum vitae of each

17  independent expert or consultant, and shall provide the Producing Party with a

18  copy of the Certificate of Consent attached hereto at Exhibit "A", executed by each

19  independent expert or consultant, at least seven (7) calendar days prior to giving,

20  showing, disclosing, making available, or communicating any information

21  designated "CONFIDENTIAL," or "CONFIDENTIAL-OUTSIDE COUNSEL'S

22  EYES ONLY" to such expert or consultant.  Such curriculum vitae shall identify

23  all current and former employers and/or consulting engagements of the

24  independent expert or consultant within the four (4) years prior to the date of such

25  disclosure.  To the extent that the expert or consultant has confidentially acted as

26  an independent consultant for a company and, by express agreement with that

27

28

-8-

1   company, cannot publicly identify the employer, the expert or consultant shall

2   provide information describing the business of the company in question.

3           (b)     A party may object to an identified expert or consultant on the

4   grounds that: (i) such expert or consultant has a current relationship with a party,

5   other than as an expert or consultant in connection with a legal dispute; or (ii) such

6   expert or consultant has a conflict of interest in working for the party retaining him

7   or her.  Should a dispute arise regarding the eligibility of an expert or consultant

8   based on identity of a confidential employer under paragraph 12(a) above, the

9   party wishing to share Confidential Information with said expert or consultant shall

10  provide the identity of such employer to outside counsel for any objecting party,

11  and such outside counsel shall not disclose the information to any other person.

12          (c)     If a party objects, in good faith, to an identified expert or

13  consultant based on the grounds for such objection specified in paragraph 12(b)

14  above, the party shall make its objections known in writing within seven (7)

15  calendar days of receiving notification and, if necessary, the parties shall conduct

16  the pre-filing conference of counsel pursuant to Local Rule 37-1 within seven (7)

17  calendar days thereafter.  If agreement on the independent expert or consultant

18  cannot be reached, the parties shall, within fourteen (14) calendar days after having

19  the conference, proceed to seek assistance from the Court pursuant to Local Rule

20  37.  Unless otherwise agreed, the objecting party shall provide its portion of the

21  joint stipulation together with all declarations and exhibits to be offered in support

22  of the objecting party's position in accordance with Local Rule 37-2 within five (5)

23  business days after the pre-filing conference of counsel.  Any paper filed regarding

24  an objection to the eligibility of an expert or consultant based on his/her

25  relationship with a confidential employer shall be filed under seal under the

26  procedures outlined in this Protective Order (see paragraphs 18 and 19 below) to

27  the extent necessary to maintain the confidentiality of the confidential employer.  If

28

-9-

1   the objecting party fails to seek the Court's assistance or provide its portion of the

2   joint stipulation within the time called for in this paragraph, the objection shall be

3   deemed withdrawn and/or waived and the documents, information or other things

4   may be disclosed to the expert or consultant subject to the other provisions of this

5   Protective Order.  If the objecting party does seek the Court's assistance and

6   provide its portion of the joint stipulation within the time called for in this

7   paragraph, no disclosure shall be made to the expert or consultant until the Court

8   has ruled on the objecting party's motion for relief, and then only in accordance

9   with the Court's ruling.  The party or person wishing to disclose the Confidential

10   Information to the independent expert or consultant shall have the burden of

11   showing the disclosure would be proper and consistent with this Protective Order.

12   In no event shall a disclosure of potential experts or consultants be deemed a

13   waiver of any privilege or immunity.

14         13.     Draft expert reports, draft expert declarations, draft expert affidavits,

15   communications between a party and an expert, notes and outlines and other

16   writings prepared by an expert will not be subject to discovery.  However, all other

17   materials that an expert reviewed, considered or relied upon in connection with his

18   or her expert report pursuant to Fed. R. Civ. P. 26(b) or deposition testimony shall

19   be discoverable. Discovery of material, information, and consulting expert

20   opinions provided to testifying experts shall be limited to those materials,

21   information, consulting expert opinions, and other matters actually relied upon by

22   the testifying expert in forming his or her final report, trial or deposition testimony,

23   or any opinion in this action. No discovery may be taken from any consulting

24   expert who does not testify except to the extent that the consulting expert has

25   provided information, opinions, or other materials to a testifying expert, who then

26   relies upon such information, opinions, or other materials in forming his or her

27   final report, trial or deposition testimony, or any opinion in this action. No

28

-10-

1   conversations or communications between counsel and any testifying or consulting

2   expert will be subject to discovery unless the conversations or communications are

3   relied upon by such experts in forming opinions that are presented in reports or

4   trial or deposition testimony in this action.  Material, communications, and other

5   information exempt from discovery under this paragraph shall be treated as

6   attorney work product for the purposes of this action.

7         14.    All material designated "CONFIDENTIAL," or "CONFIDENTIAL-

8   OUTSIDE COUNSEL'S EYES ONLY" shall be used solely for the prosecution or

9   defense of claims in this action and any appeals arising from this action, and shall

10  not be used for any business, commercial, competitive, personal or other purpose.

11        15.    Any person providing legal representation for, associated with, or

12  engaged by either party who receives access to any materials designated by the

13  Producing Party as "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY"

14  shall be prohibited from drafting, filing, prosecuting, reviewing, approving, or

15  assisting in any drafting, filing, prosecuting, reviewing, or approving of any

16  portion of any patent applications (including without limitation any provisional,

17  non-provisional, original, continuation, continuation-in-part, divisional, reissues,

18  reexaminations, or any portion of any amendment, response, reply, or other paper

19  submitted to the United States Patent and Trademark Office, including the United

20  States Board of Patent Appeals and Interferences, or any foreign agency

21  responsible for examining or issuing patents) for the Receiving Party relating to

22  producing and/or manufacturing any dehydrated food product from the receipt of

23  any material bearing the "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES

24  ONLY" designation up through and including two years following the entry of a

25  final, non-appealable judgment or order or the complete settlement of all claims in

26  this action.  Any materials containing the designation "CONFIDENTIAL-

27  OUTSIDE COUNSEL'S EYES ONLY" may be used solely for purposes of this

28

-11-

action only, including preparation of work product materials, preparation of expert reports, motion practice, trial, and appeal, subject to the conditions herein, and may not be used for any other purpose at any time.

16.     In the event documents otherwise responsive to a discovery request or required to be produced under the Local Rules of this Court are withheld from production due to attorney/client privilege, the attorney work product privilege, or any other applicable privilege, the party withholding production of a document or information based any privilege shall provide to the opposing party a log identifying and describing any such information or documentation within thirty (30) days of the date when such information or documentation would otherwise be produced.  No party is obligated to identify on its privilege log any information or documentation being withheld on the basis of any privilege involving litigation counsel for this lawsuit or events related to this lawsuit which were generated subsequent to October 1, 2011.  Nothing in this provision affects or changes a party's ability to challenge any party's right to withhold any document based on any claim of privilege and/or work product or any other applicable protection.

17.     Within sixty (60) days of the conclusion of this action and any related appeals arising from this action, all Confidential Information, including but not limited to documents produced pursuant to discovery and confidential portions of deposition transcripts, and all copies thereof, shall be returned to the producing party or, at the option of the Receiving Party, the opposing counsel shall certify in writing that such material has been destroyed.  Notwithstanding the prior provisions of this paragraph, outside counsel for the parties may retain one complete set of pleadings.

18.     Unless otherwise ordered or directed by the Court, or approved in advance by the Producing Party, no material qualifying as Confidential Information shall be filed in the public record of this action, and a party submitting

-12-

1   documents and things to the Court which disclose information designated as

2   "CONFIDENTIAL," or "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES

3   ONLY" pursuant to this Protective Order, shall proceed in accordance with Local

4   Rule 79-5.1, request that the documents be filed under seal, and shall take all

5   additional necessary steps which may be required to comply with Local Rule 79-

6   5.1 for the request to file under seal to be granted.  Any documents filed under seal

7   shall be placed in sealed envelopes or other appropriate sealed containers on which

8   a copy of the caption from this lawsuit shall be affixed, stating on it

9   "CONFIDENTIAL - Subject to Protective Order" and a statement substantially in

10  the following form: "This envelope contains information designated as

11  Confidential Information under the governing Court Protective Order and is not to

12  be opened, and the contents axe not to be displayed or revealed, except by order of

13  the Court presiding over this matter."

14      19.   If a party files under seal any evidence with the Court pursuant to this

15  Protective Order, then all papers filed under seal with the Court that refer to or rely

16  upon such evidence shall designate the particular aspects that are Confidential to

17  enable the Court, in drafting orders, to determine whether there is evidence which

18  the Court should attempt not to disclose. Absent such advance notification, the

19  Court will be free to incorporate all such evidence in its written and oral rulings.

20      20.   A party serving or filing with the Court any pleading, motion,

21  application, brief, memorandum or declaration, or other paper that discloses

22  information that is designated as "CONFIDENTIAL," or "CONFIDENTIAL-

23  OUTSIDE COUNSEL'S EYES ONLY" pursuant to this Protective Order, shall be

24  under an obligation to provide to any other party, upon written request, a redacted

25  copy thereof (exclusive of exhibits) with the "CONFIDENTIAL," or

26  "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" information redacted

27  therefrom within five (5) business days of the request from such other party.

28

-13-

21.     The restrictions on use of CONFIDENTIAL Information set forth in this Protective Order shall not apply to:

(a)     any information or material which at the time of disclosure to a Receiving Party is publicly known or available;

(b)     any information or material which after disclosure to a Receiving Party becomes publicly known or available as a result of actions not involving a violation of this Protective Order or any violation of law;

(c)     any information or material which a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

22.     Inadvertent or unintentional production of information documents subject to work-product immunity, the attorney/client privilege, or any other applicable immunity or privilege shall not constitute a waiver in whole or in part of this immunity or privilege, provided that the Producing Party shall notify the Receiving Party of such inadvertent production within a reasonable time after the producing party knows or should have known of its inadvertent or unintentional production.  Such inadvertently produced materials (and all copies, if any) shall be returned to the producing party or destroyed, upon request within five (5) days, without exception, even if the Receiving Party does not agree that such material is properly considered privileged.  No use shall be made of such materials documents during deposition or trial, nor shall they be shown to anyone.  The Receiving Party may petition the Court if it does not agree that such material is properly considered privileged in accordance with Local Rule 37-1.  Nothing in this Protective Order shall preclude either party from petitioning the Court for the return of later-discovered, inadvertently produced documents covered by the work-product immunity or attorney/client privilege or any other applicable immunity or

-14-

1   privilege.  Making documents or things available for inspection shall not, by itself,

2   constitute a waiver by the producing party of any claim of confidentiality, or any

3   other right, privilege or immunity.  The procedure outlined in this paragraph in no

4   way limits the rights and obligations of the party inadvertently disclosing the

5   information under Federal Rule of Evidence 502(b) and/or Federal Rule of Civil

6   Procedure 26(b)(5)(B).

7          23.     In the event that any party receiving Confidential Information under

8   this Protective Order inadvertently discloses any such information to a person or

9   entity not entitled under this Protective Order to receive such information, the

10  party, upon discovery of the inadvertent disclosure, shall immediately (i) inform

11  the other parties of the discovery of the inadvertent disclosure and all pertinent

12  details thereof, (ii) inform the receiving person or entity of the existence and terms

13  of this Protective Order, (iii) make all reasonable and diligent efforts to retrieve

14  any inadvertently disclosed documents or materials, and (iv) make all reasonable

15  and diligent efforts to have the Receiving Party execute the Certificate of Consent

16  attached hereto at Exhibit "A".

17         24.     In the event any person, party or non-party having possession, custody

18  or control of any Confidential Information receives a subpoena or other process or

19  order to produce such information, such person or party shall notify in writing the

20  attorneys of record of the Producing Party of the Confidential Information sought

21  by such subpoena or other process or order, and shall furnish those attorneys of

22  record with a copy of said subpoena or other process or order, within a time period

23  that will provide those attorneys of record with a reasonable amount of time to

24  respond and raise appropriate objections, and shall cooperate with respect to any

25  procedure sought to be pursued by the Producing Party .  The Producing Party shall

26  have the burden of defending against such subpoena, process or order.  The person

27  or party receiving the subpoena or other process or order shall be entitled to

28

-15-

1    comply with it except to the extent the Producing Party is successful in obtaining

2    an order modifying or quashing it.

3         25.    Any of the notice requirements herein may be waived, in whole or in

4    part, by a writing signed by the attorney of record for the party against whom such

5    waiver will be effective.

6         26.    This Protective Order shall remain in full force and effect after the

7    termination of this litigation, or until canceled or otherwise modified by Order of

8    this Court.

9         27.    Nothing in this Protective Order shall prevent a party from using

10   documents or information designated "CONFIDENTIAL," or "CONFIDENTIAL-

11   OUTSIDE COUNSEL'S EYES ONLY" at trial, during a hearing, or the like in this

12   action, provided that such information is not disclosed to any person except those

13   permitted access pursuant to paragraphs 2, 3 and 4 above.  The Court shall take

14   appropriate measures to protect Confidential Information at trial and any hearing in

15   this action.  Notwithstanding the foregoing, however, in the event that the action

16   proceeds to trial, all of the information that was designated as "CONFIDENTIAL,"

17   "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" and/or kept and

18   maintained pursuant to the terms of this Protective Order that is introduced as

19   evidence at trial shall become public and will be presumptively available to all

20   members of the public, including the press, unless sufficient cause is shown in

21   advance of trial to proceed otherwise.

22        28.    Nothing in this Protective Order shall preclude any Producing party or

23   its attorneys or experts from disclosing or using, in any manner or for any purpose,

24   its own Confidential Information.

25        29.    Entering into, agreeing to, and/or producing or receiving information

26   or material designated as "CONFIDENTIAL," or "CONFIDENTIAL-OUTSIDE

27   COUNSEL'S EYES ONLY" or otherwise complying with the terms of this

28

-16-

1   Protective Order shall not (i) prejudice in any way the rights of a Producing Party

2   to object to the production of documents it considers not subject to discovery; or

3   (ii) prejudice in any way the rights of any party to this action to object to the

4   authenticity or admissibility into evidence of any document, testimony, or other

5   evidence subject to this Protective Order.

6       30.     This Protective Order is entered without prejudice to the right of any

7   Producing Party or Receiving Party to apply to the Court at any time for additional

8   protection, or to relax or rescind the restrictions of this Protective Order, when

9   convenience or necessity requires.

10      31.     Until such time as this Protective Order has been entered by the Court,

11  the parties agree that upon execution by the parties, the Protective Order will be

12  treated as though it had been "So Ordered."

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

-17-

1    32.    This Protective Order shall bind the parties hereto in contract, which

2  contract shall survive this action.

3

4  Dated:        July 16, 2012              RICHARD H. ZAITLEN
                                            CAROLYN S. TOTO
5                                           Pillsbury Winthrop Shaw Pittman LLP

6

7                                           _____/s/ Richard H. Zaitlen_____
                                            RICHARD H. ZAITLEN
8                                           Attorneys for Plaintiff and Counter-
                                            Defendant
9                                           NFF INVENTIONS, LLC

10                                          ART HASAN
                                            WARREN BLEEKER
11                                          Christie, Parker & Hale LLP

12                                          JONATHAN T. SUDER
                                            BRETT M. PINKUS
13                                          TODD I. BLUMENFELD
                                            Friedman, Suder & Cooke
14

15                                          _____/s/ Art Hasan_____
16                                          ART HASAN
                                            Attorneys for Defendants and
17                                          Counterclaimants
                                            CTI FOODS ACQUISITION LLC, et al.
18

19

20

21

22         PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

24  DATED: July 18, 2012              John E. McDermott

25                                    Hon. John E. McDermott
                                      United States District Court
26                                    Magistrate Judge

27

28
                                    -18-

# EXHIBIT "A"

## CERTIFICATE OF CONSENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____, state:

(1)     that I may receive information designated "CONFIDENTIAL," or "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY," related to the action *NFF Inventions, LLC v. CTI Foods Acquisition LLC, CTI Foods Holding Co., LLC, S&S Foods LLC, CTI Saginaw I, LLC, CTI Arlington, LLC and CTI-SSI Food Services, LLC*, Case No. CV-12-2778-MWF (JEMx), pending in the United States District Court for the Central District of California ("the Litigation");

(2)     that I have received a copy of, read and understood the Protective Order entered in the Litigation ("Protective Order"), and that information designated "CONFIDENTIAL," or "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY," is provided to me pursuant to the terms and restrictions of the Protective Order; and

(3)     that on behalf of myself and on behalf of any employees and/or co-workers within the below-listed organization who are assisting me in connection with my work related to the Litigation, I agree to be bound by the terms of the Protective Order and consent to the jurisdiction and contempt power of the Court with respect to its enforcement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:                    _____, 20___.
Name:                    _____.
Organization:            _____.
Signature                _____.

-19-